UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MADOLYN DYKE,<br>Plaintiff,<br><br>VS.<br><br>TOWN OF BLACKSTONE,<br>Defendant. | C.A. NO. 4:26-cv-40244-MRG |

**ANSWER AND JURY DEMAND OF THE TOWN OF BLACKSTONE**

NOW COMES the Defendant, the Town of Blackstone (the "Town"), and hereby Answers the Complaint of the Plaintiff, Madolyn Dyke (the "Plaintiff"), by the counts and paragraphs numbered herein, and states:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against the Town upon which relief can be granted and, therefore, must be dismissed.

**SECOND DEFENSE**

The Town hereby responds to Plaintiff's allegations, paragraph by paragraph, as follows:

**Parties**

1. The Town neither admits nor denies the allegations in this paragraph because it has no actual knowledge of same and, therefore, calls upon Plaintiff to prove same.
2. Admitted.
3. The Town neither admits nor denies the allegations contained in this paragraph as it contains conclusions of law not requiring a responsive pleading. To the extent a response is nonetheless deemed required, the Town admits only that the Plaintiff was employed by the Town.

**Statement of Facts**

4. Admitted.
5. Admitted.
6. Denied.
7. Denied.
8. Admitted that Plaintiff began a relationship with an employee of the Blackstone Fire Department who was also training to become a dispatcher for the Blackstone Police Department. Admitted that the relationship did not violate any policy of the Town or the Blackstone Police Department. The Town neither admits nor denies the last sentence in this paragraph as it has no actual knowledge of same and, therefore, calls upon Plaintiff to prove same.
9. Denied.
10. Denied.
11. Denied.
12. Denied.
13. Denied.
14. The Town neither admits nor denies the first sentence of this paragraph as it has no actual knowledge of same and, therefore, calls upon Plaintiff to prove same. The Town admits that Plaintiff disclosed her pregnancy to Sergeant Maxwell Hurwitz in June 2025.
15. Denied.
16. The Town neither admits nor denies the first sentence of this paragraph as it has no actual knowledge of same and, therefore, calls upon Plaintiff to prove same. Denied as to the remainder.

17. Denied.
18. Denied.
19. Denied.
20. The Town neither admits nor denies the first sentence and the first clause of the second sentence of this paragraph as it has no actual knowledge of same and, therefore, calls upon Plaintiff to prove same. Admitted as to the remaining second clause of the second sentence.
21. Denied.
22. The Town neither admits nor denies the allegations in this paragraph as it has no actual knowledge of same. To the extent this paragraph alleges wrongdoing on the part of the Town, such allegations are denied.
23. Admitted only that while Plaintiff was on medical leave, an individual provided Lt. Brodeur with photographs from Plaintiff's social media. Denied as to the remainder. To the extent this paragraph alleges wrongdoing on the part of the Town, such allegations are denied.
24. Admitted only that after Plaintiff returned to work, a meeting occurred involving Plaintiff, Chief Gregory Gilmore, and Lr. Shawn Brodeur. Otherwise denied. To the extent this paragraph alleges wrongdoing on the part of the Town, such allegations are denied.
25. Denied.
26. Denied.
27. Denied.
28. The Town admits the first sentence of this paragraph. Denied as to the remainder. To the extent this paragraph alleges wrongdoing on the part of the Town, such allegations are denied.

29. The Town admits the first sentence of this paragraph. Denied as to the remainder. To the extent this paragraph alleges wrongdoing on the part of the Town, such allegations are denied.

30. The Town admits that the Blackstone Police conducted an internal affairs investigation related to Blackstone Police Rules and Regulations Rule 13.9 – Possession/Use of Controlled Substances. The Town admits that it never drug tested Plaintiff, and that Plaintiff was exonerated as the result of the Town's investigation. Otherwise denied. To the extent this paragraph alleges wrongdoing on the part of the Town, such allegations are denied.

31. Admitted only that Plaintiff attended a meeting addressing performance issues outlined in the internal affairs investigation of which Plaintiff had notice. Otherwise denied.

32. Admitted.

33. Admitted only that the Blackstone Police Department submitted information concerning the internal affairs investigation pursuant to POST regulations. Otherwise denied.

34. Admitted only that the POST reporting was based on the internal affairs investigation. Otherwise denied.

35. Denied.

36. The Town admits that Plaintiff filed a charge of discrimination with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission. The Town neither admits nor denies the allegations concerning the timeliness of her charge and whether Plaintiff satisfied all administrative prerequisites to filing this action as such allegations are legal conclusions not requiring a responsive pleading. The Town admits the remainder of the allegations in this paragraph.

## CLAIMS

### COUNT I – DISCRIMINATION ON THE BASIS OF SEX, GENDER, AND PREGNANCY IN VIOLATION OF G.L. c. 151B, § 4(1)

37. The Town restates its responses to paragraphs 1-36 as if fully set forth herein.
38. Denied.
39. The Town neither admits nor denies the allegations in this paragraph as it contains conclusions not requiring a responsive pleading. To the extent this paragraph alleges wrongdoing on the part of the Town, such allegations are denied.
40. Denied.
41. Denied.
42. Denied.

### COUNT II – FAILURE TO PROVIDE A REASONABLE ACCOMODATION FOR PREGNANCY IN VIOLATION OF G.L. c. 151B, § 4(1E)

43. The Town restates its responses to paragraphs 1-42 as if fully set forth herein.
44. Denied.
45. Denied.
46. The Town neither admits nor denies the allegations in this paragraph as it contains conclusions not requiring a responsive pleading. To the extent this paragraph alleges wrongdoing on the part of the Town, such allegations are denied.
47. Denied.
48. Denied.

### COUNT III – DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF G.L. c. 151B, § 4(16)

49. The Town restates its responses to paragraphs 1-48 as if fully set forth herein.
50. Denied.

51. The Town neither admits nor denies the allegations contained in this paragraph as it has no actual knowledge of same and, therefore, calls upon Plaintiff to prove same. To the extent a response is deemed required, denied.

52. Denied.

53. Denied.

54. Denied.

**COUNT IV – RETALIATION IN VIOLATION OF G.L. c. 151B, § 4(4) AND 4(4A)**

55. The Town restates its responses to paragraphs 1-54 as if fully set forth herein.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

**COUNT V – DISCRIMINATION ON THE BASIS OF SEX AND PREGNANCY IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e *et seq*.**

61. The Town restates its responses to paragraphs 1-60 as if fully set forth herein.

62. Denied.

63. Denied.

64. Denied.

**COUNT VI – RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-3(a)**

65. The Town restates its responses to paragraphs 1-64 as if fully set forth herein.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

**COUNT VII – FAILURE TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT, 42 U.S.C. §§ 2000gg *et seq*.**

71. The Town restates its responses to paragraphs 1-70 as if fully set forth herein.

72. The Town neither admits nor denies the allegations contained in this paragraph as it contains conclusions of law not requiring a responsive pleading.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

**COUNT VIII – DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §§ 12101 *et seq*.**

79. The Town restates its responses to paragraphs 1-78 as if fully set forth herein.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

## PRAYERS FOR RELIEF

The Town denies that Plaintiff is entitled to Prayers for Relief 1-6 as set forth in the Complaint.

## AFFIRMATIVE DEFENSES

### THIRD DEFENSE

Plaintiff's claims fail because the Town at all times had legitimate and non-discriminatory reasons for their actions. *See Mt. Healthy City School Dist. Bd. Of Educ. V. Doyle*, 429 U.S. 274, 287 (1977).

### FOURTH DEFENSE

Plaintiff's injuries and damages were caused by someone for whose conduct, acts, and omissions the Town cannot be held responsible.

### FIFTH DEFENSE

The Town's actions and conduct were protected by law and/or legal process, and therefore, Plaintiff cannot recover.

### SIXTH DEFENSE

The Town has complied with all laws and regulations and have otherwise satisfied their statutory obligations towards the Plaintiff, under G.L. c. 151B, Title VII, the Pregnant Worker's Fairness Act, and the Americans With Disabilities Act and therefore, Plaintiff cannot recover.

### SEVENTH DEFENSE

Plaintiff cannot establish a *prima facie* case of gender discrimination, disability discrimination, or retaliation, and therefore, Plaintiff cannot recover.

**EIGHTH DEFENSE**

Plaintiff's requested accommodations posed an undue hardship on the Blackstone Police Department and therefore, Plaintiff cannot recover.

**NINTH DEFENSE**

Plaintiff cannot establish that she was a qualified individual with a disability who could perform the essential functions of a police officer position with or without reasonable accommodation(s) and therefore, Plaintiff cannot recover.

**TENTH DEFENSE**

Plaintiff has not demonstrated egregious our outrageous conduct justifying punitive damages, and insofar as Plaintiff seeks punitive damages under Title VII, the ADA, or the Pregnant Worker's Fairness Act, such damages are not recoverable as against a municipality.

**ELEVENTH DEFENSE**

The Town engaged in a good faith effort to provide reasonable accommodations to Plaintiff and therefore, Plaintiff cannot recover under the Pregnant Worker's Fairness Act. *See* 42 U.S.C. § 2000gg-2(g).

**TWELFTH DEFENSE**

Plaintiff is not a qualified employee under the Pregnant Worker's Fairness Act and therefore, Plaintiff cannot recover.

**THIRTEENTH DEFENSE**

Insofar as Plaintiff alleges that from the outset of her employment she was subjected to a hostile work environment, portions of Plaintiff's Complaint are time barred under G.L. c. 151B, § 5.

**FOURTEENTH DEFENSE**

The Town engaged in a good faith, interactive process with Plaintiff in an effort to provide reasonable accommodations and therefore, Plaintiff cannot recover.

**FIFTEENTH DEFENSE**

Plaintiff cannot establish that she engaged in protected activity and even if she could, Plaintiff cannot establish a causal connection between such alleged protected activity and any adverse job action and therefore, Plaintiff cannot recover.

**SIXTEENTH DEFENSE**

Plaintiff failed to mitigate her damages.

**SEVENTEENTH DEFENSE**

Plaintiff's claims fail because the challenged practices and/or policies allegedly maintained by the Town are job-related, consistent with business necessity, and reasonably necessary to the legitimate operation of the Town's business. Moreover, any such alleged practices and/or policies were not adopted, maintained, or applied for a discriminatory purpose. Therefore, Plaintiff's claims fail as a matter of law.

**EIGHTEENTH DEFENSE**

The Town hereby expressly reserves the right to supplement this Answer to include additional relevant affirmative defenses as additional facts become available.

**JURY DEMAND**

The Town demands a trial by jury on all counts so triable.

Respectfully submitted,

The Defendant,

TOWN OF BLACKSTONE,
By its Attorneys,

**PIERCE DAVIS & PERRITANO LLP**

*/s/ Matthew J. Hamel*

Adam Simms, BBO #632617
Matthew J. Hamel, BBO #706146
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
asimms@piercedavis.com
mhamel@piercedavis.com

Dated: November 2, 2026

**CERTIFICATE OF SERVICE**

I certify that on November 2, 2026 a true copy of the aforementioned document was served via electronic mail upon counsel for the plaintiff as listed below.

Samuel J. Miller, BBO# 677066
Michael V. Parras, Jr., BBO# 661298
Rodman Employment Law
RODMAN EMPLOYMENT LAW
5 Commonwealth Road, Suite 5C
Natick, MA 01760
(617) 820-5250
Sam.miller@rodmanemploymentlaw.com
Mike.parras@rodmanemploymentlaw.com

*/s/ Matthew J. Hamel*

____________________________________________
Matthew J. Hamel, Esq.